Wyse *v.* Dixie Fire & Casualty Company

No. 42119 January 15, 1962 136 So. 2d 578

*Philip Mansour,* Greenville, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellee.

Jones, J.

This case involves a construction of the words "in charge of the insured" contained in the following exclusion of a liability policy: "Exclusions: This policy does not apply under Part 1: . . . (i) to injury to or destruction of (1) property owned or transported by the insured or (2) property rented to or in charge of the insured other than a residence or private garage."

John Overton and Don Wyse, Jr., were close friends. Each of their fathers owned an automobile. They wanted

to come to Jackson. Wyse secured his father's car and on October 17, 1959, the two boys left their home at Greenville, with Wyse driving. After traveling some distance, Wyse became sleepy. He stopped the car and asked his companion, Overton, to drive. Overton took the wheel and drove while Wyse dozed on the front seat beside him. Somewhere near Flora, Mississippi, Overton drove the car into a barricade across a portion of Highway 49 and the car belonging to Wyse, Sr., was damaged. Wyse, Sr., sued John Overton, the driver of the car, in the County Court of Washington County for damages to the automobile and obtained a verdict for $1570. Execution was issued against John Overton and returned nulla bona. The liability policy which Overton, Sr., had secured upon his automobile included as an insured any relative residing in his household, so that John Overton, his son, was one of the insured under this policy, which had been issued by Dixie Fire and Casualty Company. This suit by Wyse, Sr., is to recover from the insurance company the amount of the judgment above mentioned.

The insurance company defended and denied liability under the exclusion portion of the policy hereinbefore quoted, saying that at the time of the accident the automobile was "in charge of the insured", John Overton. At the conclusion of the evidence, the lower court sustained appellee's request for a directed verdict. The only question here involved is the construction of that part of the policy hereinbefore mentioned and what its meaning was in the contract of insurance issued by the company. The lower court held that within the meaning of this provision of the policy John Overton was in charge of the automobile at the time it was damaged, and, therefore, there was no liability on the company.

The appellant's son testified:

"Q. I would like to ask you if you were controlling the movements of that car in any sense of the word from the time that you went to sleep?

"A. You mean was I driving?

"Q. No — from the time you went to sleep — were you controlling the movements of that car in any sense of the word from the time you went to sleep?

"A. No, sir.

"Q. You were not?

"A. No, sir.

"Q. I will ask you now were you undertaking to drive this car in any sense of the word while you were asleep?

"A. No, sir.

"Q. I will ask you whether it didn't remain that way up until the time of the accident that you were not undertaking to control the movements or to drive the car?

"A. That is correct."

Appellant argues that young Overton was not in charge of the automobile and cites Cohen and Powell, Inc. v. Great American Indemnity Company, 127 Conn. 257, 16 A. 2d 354, 131 A. L. R. 1102. This case is easily distinguished from the present case. There the truck damaged was situated in a space reserved for the exclusive use of the owner and the defendant's insured had no connection with it, although such insured conducted a business in the same building.

Another case cited by appellant is Great American Indemnity Company of N. Y. v. Saltzman (C. C. A.), 213 F. 2d 743. This case is also distinguishable and we think inapplicable. There Saltzman, an aviation enthusiast, carried a comprehensive liability policy. He happened to be at the airport at Flippen, Arkansas and entered an unguarded and unoccupied airplane which struck his fancy. After he entered the cockpit, through inadvertence, one of the controls was engaged and the airplane crashed into a hanger. The insurer denied liability under its policy because the damage was to property "in the care, custody and control" of the insured.

The 8th Circuit Court of Appeals denied this claim specifically pointing out that the plaintiff was a trespasser and entered the plane without any right or authority.

Appellant argues that if mistaken as to the applicability of these cases, then the words are ambiguous and the same should be interpreted and construed most favorably to the insured in accordance with the general law and decisions of our Court.

We do not, however, consider the words as ambiguous when considered in connection with the facts of this case.

In Speier, et ux v. Ayling, 45 A. 2d 385 (Pa.), this very question was presented. Ayling was the permissive driver and Speier, the owner of the car, was seated beside him. In that case the Pennsylvania Court said:

"While Speier could control who could drive it, the actual control of the vehicle was passed by him to Ayling, and Speier had no control of the driving of the vehicle at the time of the accident . . . . . The judgments in the original action of Leon Speier and Mathilda Speier, his wife, against Ayling are conclusive that 'at the time of the negligence Speier did not share in the control of that vehicle.' Were it otherwise the negligence of Ayling would be imputed to Speier, thus defeating the latter's recovery for car damage. Since Speier did not share in the control, Ayling was in sole control at the time of the negligence. Being in sole control by permission of the owner, the latters automobile (property) was 'in charge of' Ayling, the insured. . . . . . if Speier, the owner, had not been in the car, surely it would be 'in charge of' Ayling, the permissive driver. The situation does not change merely because the owner is present, for the only difference is as to the time when the permission was given."

The Tennessee Court also passed on the question in Monroe County Motor Company v. Tennessee Odin In-

surance Company, 231 S. W. 2d 386. In that case an official of the motor company was driving an automobile owned by another company. The president of the other company was a passenger in the automobile. A third person had sued the motor company for damages and recovered a judgment. In this case the motor company sued its insurer for payment of the judgment. The policy extended coverage to any automobile "owned by it or in charge of the named insured." The insurance company argued that Randolph, the driver of the car and an official of the plaintiff company, was not in charge of the automobile at the time of the accident and thus there was no liability under the policy, it being contended that the president of the company owning the automobile was in the car and that Randolph could not have been in charge thereof. In that case the Tennessee Court said:

"The language of an insurance policy, as is true in the case of other contracts, is to be given the natural and ordinary meaning commonly ascribed to it in everday use unless by some known usage the terms employed have acquired a meaning different from their popular sense. Travelers Ins. Co. v. Ansley, 22 Tenn. App. 456, 464, 124 S. W. 2d 37, and cases cited. We apprehend that the average person would be astonished to learn that one actually driving an automobile and individually liable for a failure to manage it properly was not to be considered as being in charge of the vehicle."

The Tennessee Court concluded that Randolph, the driver, was "in charge of" the wood company's automobile even though the owner's president was in the car at the time and the president of the company was awake. Cf. National Mut. Casualty Company v. Clark, 193 Miss. 27, 7 So. 2d 800.

 █ We are adopting the reasoning of the Pennsylvania and Tennessee Courts and in line with those decisions holding that within the contemplation of the

insurance contract, young Overton, the driver of the car, was in charge thereof at the time of the accident.

Affirmed.

*Lee, P. J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.