Hillsborough,
No. 5196.

ROBERT MACDONALD

*v.*

HARDWARE MUTUAL CASUALTY COMPANY *& a.*

Argued June 2, 1964.
Decided July 17, 1964.

*Nelson, Winer & Lynch* (*Mr. S. Robert Winer* orally), for the plaintiff Robert MacDonald.

*Sullivan, Gregg & Horton* and *Charles F. Kazlauskas, Jr.* (*Mr. Kazlauskas* orally), for defendant Hardware Mutual Casualty Company.

*Devine, Millimet, McDonough, Stahl & Branch* and *Matthias J. Reynolds* (*Mr. Reynolds* orally), for defendant Hartford Accident and Indemnity Company.

*Wayne J. Mullavey* (by brief), for defendant Motors Insurance Corporation.

LAMPRON, J.    The facts determinative of the rights of all the

parties have been agreed upon and are part of the record before us. The policies issued by all insurers have been transferred as exhibits. Some of the parties have argued orally and by brief their position on the rights and obligations of all the parties. The others have been granted the opportunity to file written arguments which they have done. We are therefore of the opinion that justice and convenience require that the rights of all the parties arising from this accident be decided on this transfer. *Barber* v. *Company*, 80 N. H. 507, 518; *Merchants &c. Cas. Co.* v. *Capobianco*, 100 N. H. 223, 227.

On March 26, 1961, Robert MacDonald, plaintiff in the petition before us, was trying out an automobile owned by Clyde H. Hopkins doing business as Hopkins Garage. He was driving in Marlboro with Hopkins' permission when a collision with another vehicle occurred causing substantial property damage to the Hopkins automobile.

On that date MacDonald was insured by Hartford under a "Family Automobile Policy." By its terms the insurer was obligated to pay on behalf of the insured all property damage which he shall become legally obligated "arising out of the ownership, maintenance or use of the owned automobile or *any non-owned automobile*." (Emphasis supplied). A specific exclusion provided that the policy did not apply "(i) to injury to or destruction of . . . (2) property . . . in charge of the insured."

The Trial Court, on the request of Hartford, ruled that MacDonald was in charge of the motor vehicle within the meaning of the policy. It further ruled that the vehicle was "in charge of the insured" within the meaning of the exception to the coverage of a motor vehicle liability policy required by RSA 268:1 VII (supp).

None of the parties contends that the Trial Court did not properly rule that MacDonald was in charge of the motor vehicle he was driving at the time of the accident. Giving the terms of the above exclusion the meaning they would convey to a reasonable person in the position of the insured, we agree that the automobile involved, being in the rightful possession and control of MacDonald was "property . . . in charge of the insured" within the policy exclusion. *Aglione* v. *American Automobile Ins. Co.*, 87 R. I. 473; 7 Appleman, Insurance Law and Practice, *s.* 4328. See *Newfoundland &c. Ins. Co.* v. *Kamieniecki*, 104 N. H. 425; *Lyon* v. *Aetna Casualty & Surety Co.*, 140 Conn. 304; Annot. 131 A. L. R. 1105.

RSA 268:1 VII (supp) defines a statutory motor vehicle liability policy within the requirements of the financial responsibility law in part as follows: "a policy of liability insurance which provides: (a) indemnity for or protection to the insured and any person responsible to him for the operation of the insured's motor vehicle . . . who has obtained possession or control thereof with his express or implied consent, against loss by reason of the liability to pay damages to others for damage to property, *except property of others in charge of the insured* . . . (b) which further provides indemnity for or protection to the *named insured* and to *the spouse* of such named insured as insured if resident of the same household, or the *private chauffeur* or *domestic servant* . . . of any such insured with respect to the presence of any such insured in any other motor vehicle, from liability as a result of accidents which occur in New Hampshire . . . provided, however, the insurance afforded under this paragraph (b) applies only if no other valid and collectible insurance is available to the insured." (Emphasis supplied).

Plaintiff does not contend that subdivision VII (a) above prevents Hartford from relying on the exclusion in its policy as to damage to property in charge of the insured. However he does argue that subdivision (b) does bar such reliance seeing its policy purports to be a motor vehicle policy within the terms of all of paragraph VII. It is to be noted that the coverage for a non-owned automobile required by subdivision (b) is limited by its terms to those persons enumerated therein who are of a more restricted class than those covered in subdivision (a). In addition the coverage required by (b) becomes available only if no other valid and collectible insurance is available to the insured. It seems very unlikely that the Legislature intended that this limited coverage for non-owned automobiles would not be subject to the exclusion as to "property of others in charge of the insured" which it applied to the broader coverage required by subdivision (a).

Furthermore the main purpose of the financial responsibility law is to furnish coverage for innocent persons who may be injured by the negligent operation of a motor vehicle. *Fancher* v. *Clarke*, 103 N. H. 533, 535. A policy provision excluding coverage for damage caused by a negligent operator to property in his charge would not detract from the avowed purpose of this law.

We hold that the provision in the Hartford policy excluding coverage for damage to property in charge of the insured is not contrary to the financial responsibility law. We further hold that the Trial Court properly ruled that Hartford "has no obligation to either pay any cost of defense or any judgment that may be obtained in the suit brought by Claude H. Hopkins . . . currently pending in Hillsborough County Superior Court." See *Farm Bureau Ins. Co.* v. *Martin*, 97 N. H. 196, 199; *Davy* v. *Merchants &c. Cas. Co.*, 97 N. H. 236, 238.

On the date of this accident Hardware insured the owner of the vehicle, Hopkins, under an "Automobile Garage Liability Policy." By this policy Hardware agreed "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property. . . . The unqualified word 'insured' includes . . . any person while using an automobile covered by this policy . . . provided the actual use of the automobile is by the named insured or with his permission." By specific exclusion "this policy does not apply . . . (f) under coverage B [property damage liability] to injury to or destruction of . . . (2) . . . property in charge of . . . the insured."

The ruling by the Trial Court, which we have already held proper, that the Hopkins automobile was in charge of Mac-Donald at the time of the accident is also applicable here and by the specific exclusion in the Hardware policy bars him from coverage for the property damage to the car he was driving.

We consider next the provision in this policy that as to its coverage to meet requirements of financial responsibility laws it shall be applicable "to the extent of the coverage and limits of liability required by such law" (condition 8). RSA 268:1 VII (supp) permits exception from coverage for property damage to "property of others in charge of the insured." If he is to claim any coverage under the Hardware policy, MacDonald must do so as an insured thereunder. This places him in the class of persons as to whom coverage for damage to property of others in his charge can be excluded as it is to be noted that the permitted exclusion was not limited by the Legislature to the named insured but was made applicable to "the insured."

For the same reasons advanced previously in regard to the Hartford policy we hold that because of its policy exclusion as to damage to property in charge of others, Hardware is not

obligated to pay any cost of defense or any judgment in its pending suit in the name of Hopkins against MacDonald. The rulings and decree of the Trial Court inconsistent with this holding are hereby set aside.

Lastly we consider the policy issued by Motors to Mac-Donald as the named insured insuring him for collision or up-set for actual cash value less fifty dollars. By the terms of its policy Motors agreed "to pay for loss caused by collision to the owned automobile or to a non-owned automobile." It defines a non-owned automobile as "a private passenger automobile . . . not owned by . . . the named insured . . . while said automobile . . . is in possession or custody of the insured or is being operated by him."

We find nothing in the agreed statement of facts or under the terms of this policy, which we have examined as an exhibit in this case, which would exclude coverage.

We therefore hold that Motors Insurance Corporation within the terms and limits of its policy is obligated to pay any judgment obtained in the pending action of Hardware as subrogee to the rights of Hopkins for the damage caused by collision to his automobile, being the non-owned motor vehicle in the possession and custody of its named insured MacDonald which was being operated by him at that time.

Hardware's exceptions to the rulings and decree of the Trial Court are sustained except as they pertain to Hartford which are overruled. The case is remanded to the Trial Court for appropriate action in accordance with this decision.

*Remanded.*

All concurred.