174 So.2d 303

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.**

v.

**James Alton DOROUGH.**

**7 Div. 660.**

Supreme Court of Alabama.

April 15, 1965.

Rives, Peterson, Pettus & Conway, Birmingham, for appellants.

John H. Martin, Pell City, for appellee.

SIMPSON, Justice.

Appeal by the defendant insurance company from a decree of the Saint Clair County Circuit Court, in Equity, in an equitable garnishment action commenced pursuant to Title 28, § 12, Code of Alabama 1940, as Amended.

 Appellee has failed to file a brief in this Court, so the statements made by appellant under the headings "Statement of the Case" and "Statement of the Facts" will be taken to be accurate and sufficient for decision, pursuant to Rule 9, Supreme Court Rules of Practice, Appendix, Title 7, Code of Alabama 1940, as Amended.

This action in equity grew out of a suit filed at law for damages for the destruction of a boat and trailer which, at the time, was being towed by a truck operated by Gregory Houston Jones, son of the named insured in the policy of liability insurance issued by appellant; also riding in the truck was the named insured, John A. Jones, and the appellee in this suit, James A. Dorough, the owner of the boat and trailer. All three men had been on a fishing trip together. Appellee obtained a judgment against Gregory Houston Jones in the suit at law.

Appellant had refused to defend Gregory Houston Jones, based on the following provisions of the policy:

"INSURING AGREEMENT I— THE OWNED AUTOMOBILE COVERAGES * * * (B) Property damage liability.

"(1) To pay all damages which the insured shall become legally obligated to pay because of * * * (B) injury to or destruction of property of others, caused by accident arising out of the ownership, maintenance or use, including loading or unloading of the owned automobile."

The exclusions here under consideration as to the Insuring Agreement I read as follows:

"This insurance does not apply under:

"* * * (h) coverage B, to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage;"

The instant suit was filed in the equity division of the Circuit Court of Saint Clair County by appellee against appellant and Gregory Houston Jones, a minor, seeking to apply the proceeds of the afore-mentioned insurance policy to the judgment in the suit at law. It alleged that the appellant had in effect a policy of liability insurance issued to John A. Jones which afforded protection to his son, Gregory Houston Jones, for said accident and that despite having notice of the accident and the lawsuit appellant had failed and refused to defend its insured and to pay the judgment.

Appellant's answer alleged that its policy did not apply because at the time of the accident, made the basis of said judgment, the defendant (insured) at law was transporting the property involved or said property was in charge of the defendant.

The lower court ruled that the exclusions relied upon were inapplicable because the boat and trailer involved were being "towed" or "pulled" which the court distinguished from being transported or carried and secondly that the boat and trailer were not "in charge of the insured" because the word "property" used in the exclusion means "real estate and buildings".

It is noted that the quoted exclusions of the policy are couched in language in the alternative, i. e., if the property injured or destroyed was at the time of its injury or destruction either "transported by the insured" or "in charge of the insured" then the insured is entitled to no protection from liability under the policy which would have been afforded under coverage B of the policy.

The Supreme Court of Oregon had for its consideration the exact phrase here involved in a public garage liability policy exempting the insurer from liability for damage to property owned, rented, leased, "in charge of, or transported by the insured" and the court there held that a customer's automobile, while being towed, was "in charge of" the assured and the exclusion clause prevailed. Clark Motor Company v. United Pacific Insurance Company, 172 Or. 145, 139 P.2d 570.

The Supreme Court of Connecticut in Cohen & Powell, Inc. v. Great American Indemnity Company, 127 Conn. 257, 16 A.2d 354, 131 A.L.R. 1102, held that the insured must retain the right to exercise dominion or control over, or be in possession of, the personal property or the same is not "in charge of" the insured within the meaning of a provision of a liability insurance policy excluding coverage where the property is "in charge of or transported by the insured."

Here the boat and trailer were attached to the vehicle of the insured. The movements of the insured vehicle controlled the movements of the boat on the trailer and the insured vehicle was being operated by Gregory Houston Jones, son of the named insured in the policy. When the truck stopped, so did the boat and trailer. When the truck moved, the boat and trailer did also. While the boat and trailer were attached to the truck, the driver of the truck controlled the place, manner, speed and direction of the boat and trailer. We feel that while the boat and trailer were thus attached to the truck the boat and trailer were "in charge of" the driver of the insured vehicle and therefore the insured would come within the exclusion of this policy. Aglione v. American Automobile Insurance Company, 87 R.I. 473, 143 A.2d 148, 150 A.2d 183. See also Wyse v. Dixie Fire and Casualty Company, 242 Miss. 508, 136 So.2d 578, and Tennessee case cited.

Having determined that the situation in the case at bar falls within the exclusion of the liability policy above discussed, under coverage B, it results that it is unnecessary for a decision in this case to determine whether the boat and trailer were "transported by the insured".

Being so constrained it results that the decree of the lower court is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.