Francis C. Mallory and Gladys R. Mallory v. Vermont Mutual Fire Insurance Company, and The Employers' Liability Assurance Corp., Ltd.

[226 A.2d 901]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

*Gravel & Bing,* Burlington, for plaintiffs.

*Wick, Dinse & Allen,* Burlington, for defendants.

**Shangraw, J.** This is a petition for a declaratory judgment and injunction returnable before the Court of Chancery, Chittenden County, seeking a determination of the rights and obligations of the parties under insurance policies issued by the defendants.

The parties submitted an agreed statement of facts to the chancellor, following which findings of fact were made. The facts as found, and determinative of the issue to be resolved, are not in dispute.

David L. Mallory, son of the petitioners Francis C. Mallory and Gladys R. Mallory, was driving a 1961 Renault Dauphine automobile owned by Wigwam Motors, Inc. on November 5, 1960. His parents were considering the purchase of this automobile at that time. While being driven by David the automobile was extensively damaged in an accident. A family automobile combination liability and physical damage policy issued to the petitioners by defendant, The Employers' Liability Assurance Corp., LTD., was then in effect. It was agreed, and the chancellor found, that David was an insured within the meaning of The Employer's policy.

The defendant Vermont Mutual Fire Insurance Company had in effect at the time of the accident for the benefit of the Howard National Bank and Trust Company, as mortgagee of Wigwam Motors, Inc., a policy of insurance covering collision losses. Following the accident, and under the terms of its collision policy, this insurance company paid to the bank the total damage to the Renault Dauphine automobile of $1,280.50 less a deductible amount of $100.

Thereafter, the bank, as subrogee of Vermont Mutual Fire Insurance Company, commenced suit against David in the Chittenden County Court to collect from him the damage to the Renault automobile, alleging its negligent operation by David. The parties agreed, and the chancellor found and decreed, that Vermont Mutual Fire Insurance Company had no obligation to defend David in this action brought by the bank.

Upon commencement of the suit brought against him by the bank, David timely requested the Employers' Liability Assurance Corp., LTD., to defend him which it has refused to do.

Upon the presentation of this petition to the chancellor an order was issued restraining the prosecution of the bank's action against David pending the outcome of the instant case. This injunction is now in force and effect.

It was agreed, and so found and decreed, that David be substituted as the plaintiff in place of his parents in this proceeding for a declaratory judgment.

By paragraph 3 the chancellor decreed: "That The Employers' Liability Assurance Corp., LTD., is under a duty to defend the action of the Howard National Bank and Trust Company against David L. Mallory dated July 8, 1963, under the terms of the Mallory family liability policy in effect on November 5, 1960."

It is from the foregoing portion of the decree that Employers' has appealed. The sole question involved is whether Employers' must defend David in the suit brought against him by the bank as subrogee of the Vermont Mutual Fire Insurance Company.

By the terms of the family automobile policy issued by Employers' it was obligated to pay on behalf of the insured property damage which the insured shall become legally obligated to pay "arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent."

Under the collision provisions in the policy Employers' agreed "To pay for loss caused by collision to the owned automobile, or to a non-owned automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto."

The policy in question afforded collision coverage for the non-owned vehicle. However, the obligation to indemnify and defend the insured is subject to an exclusion which provided that the policy did not apply to injury or destruction of "property rented to or in charge of the insured other than a residence or private garage."

It is Employers' contention that the above quoted exclusion excludes coverage for damage to property where the property damaged is rented to or in charge of the insured. Therefore, since there is no obligation to pay any property damage under the terms of the liability provisions of the policy, there arises no obligation to defend the action now pending against David.

The damaged automobile was not rented to David. This leads us to question whether at the time of the accident the automobile was "in charge of the insured" so that the accident was excluded from the coverage of the policy by reason of the exclusion clause. We therefore decide the meaning to be given the phrase "in charge of" as it appears in the exclusion clause.

It is not our view that there is any ambiguity in the use of the words "in charge of" which would require us to construe them most strongly against the insurer. Given their plain and natural meaning property is "in charge of" an insured within the meaning of the exclusion clause when such property is in the possession and

control of the insured. David had the possession, dominion and control of the damaged automobile.

In the light of the foregoing it is our opinion that the Renault Dauphine automobile was "property * * * in charge of the insured" within the policy exclusion. On this subject, and in support of this view, see, *MacDonald* v. *Hardware Mutual Casualty*, 105 N.H. 458, 202 A.2d 489; *Aglione* v. *American Automobile Insurance Company*, 87 R.I. 473, 143 A.2d 148, 150 A.2d 183; *Lyon* v. *Aetna Casualty & Surety Co.*, 140 Conn. 304, 99 A.2d 141; *Cohen & Powell, Inc.* v. *Great American Indemnity Co.*, 127 Conn. 257, 16 A.2d 354, 131 A.L.R. 1105.

■ We hold that The Employers' Liability Assurance Corp., LTD., is under no duty to defend the action of the Howard National Bank and Trust Company against David L. Mallory under the terms of the Mallory family liability policy in effect on November 5, 1960.

Paragraph 3 of the decree must be reversed, and the injunction order restraining the Howard National Bank and Trust Company from prosecuting its action against David L. Mallory dissolved.

*Paragraph 3 of the decree is reversed. Cause remanded for a new decree and order consistent with the views expressed in this opinion.*