SECURITY MUTUAL CASUALTY
COMPANY, Appellant,

v.

Herman G. JOHNSON et al., Appellees.

No. 5873.

Court of Civil Appeals of Texas,
Waco.

Dec. 7, 1978.
Rehearing Denied Jan. 11, 1979.

C. Steven Matlock, Jr., Jackson, Walker,
Winstead, Cantwell & Miller, Dallas, for
appellant.

Tom Sands, McDearman, Lair & Sands, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a suit by plaintiffs Herman G. Johnson and Timothy Johnson against defendant Insurance Company for $2,131. plus interest and costs. Timothy Johnson was operating a pickup truck owned by W. H. McColm when he collided with a lamp pole causing $2,131. damage to the vehicle. McColm filed suit against Timothy Johnson, alleging Johnson was operating the vehicle without his permission, and recovered judgment of $2,131. Herman Johnson had a policy of liability insurance issued by defendant. Defendant refused to defend Timothy Johnson in the suit brought by McColm or to pay the judgment resulting therefrom.

Herman Johnson and Timothy Johnson then filed this suit against defendant Insurance Company to recover the amount of the judgment rendered in favor of McColm plus attorney's fees.

Trial was to a jury which found:

1) Eugene George was a permittee of W. H. McColm, owner of the vehicle.

2) Timothy Johnson was a permittee of Eugene George.

3) The vehicle was covered by the insurance policy.

The trial court rendered judgment for plaintiffs against defendant for $2,131.

Defendant appeals on 16 points which we summarize as 5 main contentions.

1) As a matter of law Timothy Johnson was not a person "insured" under the policy.

2) There is no evidence and/or insufficient evidence to support the jury's answer to Issue 1 that Eugene George was a permittee of the owner of the vehicle W. H. McColm, and such finding is against the great weight and preponderance of the evidence.

3) There is no evidence and/or insufficient evidence to support the jury's answer to Issue 2 that Timothy Johnson was operating the vehicle with permission of Eugene George, and such finding is against the great weight and preponderance of the evidence.

4) Under the policy coverage was excluded by exclusion (i) of Part I Liability, because the undisputed evidence shows Timothy Johnson had the care, custody and control of the pickup at the time of the accident.

5) Defendant had no duty to defend or pay any judgment rendered against Timothy Johnson because the only pleading forwarded to defendant showed on its face there was no coverage under the policy.

Contention 1 asserts Timothy Johnson was not a person "insured" under the policy.

The policy provides: "Persons Insured". The following are insureds under Part I "with respect to a non owned automobile: (1) The named insured. (2) Any relative *****. 'Relative' means a relative of the named insured who is a resident of the same household".

■ Thus to be a person insured under the policy Timothy Johnson had to be a named insured, or a "relative" of the named insured and a resident of the same household. Herman Johnson is the named insured. It is established Timothy Johnson is 18 years of age; is the son of Herman Johnson; that after the accident Timothy was taken to the hospital, but that his father came and got him and took him home. We believe that a fair inference from the foregoing is that Timothy lives in the same household with his father, the insured. There is no evidence that Timothy was not a resident of his father's household.

Contentions 2 and 3 assert there is no evidence and/or insufficient evidence to support the jury's answers to Issues 1 and 2.

■ Issue 1 found Eugene George was a permittee of W. H. McColm, the owner of the vehicle. Eugene George drove the pickup home from his work every night. Eugene George was furnished the pickup for

his business and personal use by his employer. Eugene George kept the pickup at his home over weekends. We think the evidence ample to support the jury's answer to Issue 1, and that such finding is not against the great weight and preponderance of the evidence.

Issue 2 found Timothy Johnson was a permittee of Eugene George. Timothy Johnson was a friend of Eugene George and his brother Paul George. Eugene permitted Paul and Timothy to use the pickup; they used the pickup 50% of the time with Timothy's car; Timothy reasonably believed that the pickup belonged to Eugene; on the occasion of the wreck Timothy was asked to take Eugene's and Paul's cousin home in his car; he would have done so but discovered he was low on gas; so Timothy and Paul took Paul's cousin home in the pickup; Eugene gave Timothy permission to use the pickup. We think the evidence ample to support the jury's answer to Issue 2, and that such finding is not against the great weight and preponderance of the evidence. See *Hartford Accident and Indem. Corp. v. Lowery*, (Tex.Civ.App. Beaumont) NRE 490 S.W.2d 935.

█ Contention 4 asserts policy coverage was excluded by exclusion (i) Part I Liability, because Timothy Johnson had the care, custody and control of the vehicle at the time of the accident.

The policy provides under "Exclusions": "This policy does not apply under Part I: (i) To injury to or destruction of . . . property rented to *or in charge of the insured* other than a residence or private garage".

Timothy Johnson testified:

Q. At the time of the collision, did you have the pickup under your care, custody and control?

A. You mean—

Q. You were driving it; isn't that correct?

A. I was driving, yes.

Q. You had sole control over the driving of that pickup at the time of the accident. Is that correct?

A. Yes sir.

Appellant asserts the foregoing establishes Timothy was "in charge" of property and that no coverage exists.

The exclusion does not exclude coverage to Timothy Johnson. The pickup was in the over all custody of Eugene George; it was on a mission of delivering Eugene George's cousin to his home and Paul George was in the vehicle, and while Timothy was driving the vehicle, it is not established that he was "in charge" of the vehicle. Eugene George was custodian of the vehicle and we think "in charge" of it.

█ Policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. *United Service Automobile Assn. v. Miles*, 139 Tex. 138, 161 S.W.2d 1048. Exceptions and limitations will be strictly construed against the insurer; and courts will not write a limitation where none exists. *Providence Washington Ins. Co. v. Proffitt*, 150 Tex. 207, 239 S.W.2d 379, 381; *Indemnity Marine Assurance Co. v. The Citizens National Bank of Cameron*, (Tex.Civ.App., Waco) NWH, 463 S.W.2d 290; *Republic Aero, Inc. v. North American Underwriters*, (Tex.Civ.App., Waco) NRE, 462 S.W.2d 635.

Contention 5 asserts defendant had no duty to defend or pay judgment rendered against Timothy Johnson because the only pleading forwarded to it reflected no coverage under the policy.

McColm's suit against Timothy Johnson alleged that Timothy Johnson was operating the vehicle without consent of the owner.

Defendant's policy provides coverage "provided his actual operation * * * is with permission, or reasonably believed to be with the permission of the owner and is within the scope of such permission".

█ Petitioner's duty to defend is determined by the allegations of the petition when considered in the light of the policy provisions. *Argonaut Southwest Ins. Co. v. Maupin*, Tex., 500 S.W.2d 633. See also: *Fort Worth Lloyds v. Garza*, (Tex.Civ.App., Corpus Christi) 527 S.W.2d 195.

Since the pleadings forwarded to the defendant did not contain an allegation the insured did not reasonably believe he had the permission of the owner, defendant was obligated to defend.

All defendant's contentions and points have been considered ·and are overruled.

AFFIRMED.