**SECURITY MUTUAL CASUALTY COMPANY, Petitioner,**

v.

**Herman G. JOHNSON et al., Respondents.**

**No. B–8257.**

Supreme Court of Texas.

July 25, 1979.

Jackson, Walker, Winstead, Cantwell & Miller, C. Steven Matlock, Jr., Dallas, for petitioner.

McDearman, Lair & Sands, Tom Sands, Dallas, for respondents.

POPE, Justice.

Herman Johnson and Timothy Johnson sued their insurer, Security Mutual Casualty Company, to recover the amount of a judgment rendered against Timothy Johnson for damages to a pickup truck driven by Timothy. Trial was to a jury and judgment was rendered for the Johnsons. The court of civil appeals affirmed the judgment of the trial court. 575 S.W.2d 107. We re-

verse the judgments of the courts below and render judgment that plaintiffs take nothing.

Eugene George was employed by W. H. McColm and had permission to drive home from work every night a pickup truck owned by McColm and to keep the truck at his home over weekends. George was allowed to use the truck for both business and pleasure. Timothy Johnson was a friend of Eugene George and his brother, Paul George. There was testimony that Eugene permitted Paul and Timothy to use the pickup frequently, requiring only that they replace the gasoline; that Timothy had been using the truck for a year and a half before the accident; and that Timothy believed the pickup belonged to Eugene.

On the night of the accident, Timothy and Paul were taking Paul's cousin home. Paul did not have a driver's license, so Timothy was driving the pickup. The accident occurred when Timothy collided with a lamp pole, causing damage to the truck.

McColm filed suit against Timothy Johnson and recovered a judgment for $2,131. At the time of the collision, Herman Johnson, Timothy's father, had a policy of personal injury and property damage liability insurance with Security Mutual. The policy did not include collision or comprehensive coverage. Security Mutual refused to defend Timothy or to pay the judgment. The Johnsons filed this suit against Security Mutual to recover the amount of the judgment.

Part I—Liability, of the policy of insurance in effect at the time of the accident, provided for payment on behalf of the insured of all sums for which the insured shall become legally obligated to pay as damages because of bodily injury and property damage arising out of ownership, maintenance, or use of the owned automobile or any non-owned automobile.[1] Persons insured with respect to a non-owned automobile are defined as the named insured and any relative, but only with respect to a private passenger automobile or trailer, provided the actual operation is with the permission or reasonably believed permission of the owner and within the scope of such permission. Liability under these provisions is further governed by the following exclusion:

This policy does not apply under Part I:

\*     \*     \*     \*     \*     \*

(i) to injury or destruction of (1) property owned or transported by the insured or (2) property rented to or *in charge of the insured* other than a residence or private garage; [Emphasis added.]

Security Mutual contends policy coverage is excluded because Timothy Johnson was "in charge of" the automobile at the time of the collision.

Terms used in an insurance contract are given their ordinary and generally accepted meaning unless the policy shows the words were meant in a technical or different sense. *Guardian Life Insurance Co. of America v. Scott*, 405 S.W.2d 64 (Tex.1966). Generally, the criterion for determining whether property is "in charge of" the insured within such an exclusion is the insured's right to exercise dominion or control over the property. *Maryland Casualty Company v. Golden Jersey Creamery*, 389 S.W.2d 701, (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.); 13 Couch, Insurance 2d § 45:946 (1965).

The term has been interpreted by many jurisdictions. The majority finds the term unambiguous and applicable to "property" in charge of the insured, including motor vehicles. *See State Farm Mut. Ins. Co. v. Dorough*, 277 Ala. 662, 174 So.2d 303 (1965); *Herrman v. Folkerts*, 202 Kan. 116, 446 P.2d 834 (1968); *Wyatt v. Wyatt*, 239 Minn. 434, 58 N.W.2d 873 (1953); *Wyse v. Dixie Fire & Casualty Co.*, 242 Miss. 508, 136 So.2d 578 (1962); *MacDonald v. Hardware Mut. Casualty Co.*, 105 N.H. 458, 202 A.2d 489 (1964); *National Surety Co. v. Allstate Ins. Co.*, 115 N.J.Super. 528, 280 A.2d 248 (1971); *Torrington Co. v. Aetna Casualty & Surety Co.*, 264 S.C. 636, 216 S.E.2d 547 (1975); *Allstate Insurance Com-*

---

1. The pick-up truck is defined by the policy as a "utility automobile."

*pany v. Darter*, 361 S.W.2d 254 (Tex.Civ. App.—Fort Worth 1962, no writ); *Mallory v. Vermont Mut. Fire Ins. Co.*, 126 Vt. 237, 226 A.2d 901 (1967). *Contra American Casualty Co. v. Aetna Casualty & Surety Co.*, 251 Md. 677, 248 A.2d 487 (1968); *Klock v. Allstate Ins. Co.*, 34 Misc.2d 990, 230 N.Y. S.2d 555 (1962). We follow those jurisdictions that regard "property in charge of the insured" to include the pickup truck driven by Timothy Johnson.

We view the facts of this case to establish that at the time of the accident, Timothy Johnson was "in charge of" the property and, therefore, liability was excluded. Timothy Johnson had sole control of the pickup at the time of the collision and was the only person present with an operator's license. To the ordinary person, one is "in charge of" personal property when he has possession of it, has the right to exercise dominion and control over it, and is actually exercising physical control over it. At the time of the collision, Timothy was driving the truck and in our view the ordinary meaning of the words used in the exclusionary clause leaves no doubt that coverage is excluded.

Normally, a liability policy does not cover damage to the insured's property or property within his control. If an insured desires coverage on property that he owns or that is in his charge, he must secure collision or comprehensive coverage and pay an additional premium. There was no collision coverage in effect at the time of the accident and it cannot be asserted that such coverage was expected under the provisions of the liability policy.

The judgments of the courts below are reversed and judgment is rendered that plaintiffs take nothing.