GRIMES, Judge.
This appeal involves the interpretation of an exclusion in a liability insurance policy.
Florida Farm Bureau Casualty Insurance Company insured Charles and Carlotta McMullen, doing business as McMullen Feed Store, under a comprehensive fleet policy. On May 27, 1978, the McMullens’ emancipated son, John, took one of their insured trucks to Chick Smith Ford for repairs. John needed a truck to drive for the weekend, and so the truck sales manager gave him one off the lot to use. John paid no rent for the loan of the truck, and Chick Smith Ford placed no restrictions upon its use.
Two days later, John struck a bridge abutment, damaging the truck to the extent of $4,808.24, and Universal Underwriters, the insurer for Chick Smith Ford, paid the dealership for the damage done to the *184 truck. Universal Underwriters’ policy contained a provision which insured a permissive user only if he had no liability policy of his own or he was not covered by any other policy. Since John had no policy of his own, Universal Underwriters brought a subrogation action against him and Florida Farm Bureau seeking to recover for the damages it had paid Chick Smith Ford, contending that Florida Farm Bureau’s policy insured John.
Universal Underwriters moved for a partial summary judgment against Florida Farm Bureau. Florida Farm Bureau also filed a motion for summary judgment. The court granted Universal Underwriters’ motion and then, based upon a stipulation concerning damages, entered final judgment against Florida Farm Bureau.
At the outset, we note that both parties agree that there was no collision coverage under the Florida Farm Bureau policy available for the wrecked truck owned by Chick Smith Ford. The issue on appeal is whether the Florida Farm Bureau policy provided liability coverage for damages to the vehicle. Since Florida Farm Bureau makes no contention that John McMullen was not an insured under its policy, the case turns upon the interpretation of an exclusion in the property damage liability section of the Florida Farm Bureau policy which reads as follows:
This policy does not apply: (f) under coverage B, (Property Damage), to injury to or destruction of property (1) owned or transported by the insured; (2) rented to or in charge of the insured other than a residence or private garage damaged or destroyed by a private passenger automobile covered by this policy.
Florida Farm Bureau maintains that because the truck was property “in charge of the insured,” there could be no recovery for the damage to that property.. Universal Underwriters argues that the word “property” in the exclusion does not include motor vehicles, thereby rendering the exclusion inapplicable since the only damages in issue were to a motor vehicle.
No Florida case is squarely on point, though the reasoning in Haenal v. United States Fidelity & Guaranty Co., 88 So.2d 888 (Fla.1956), and Hodapp v. Shelby Mutual Insurance Co., 166 So.2d 772 (Fla.2d DCA 1964), lends some support to Florida Farm Bureau’s position. There are, however, a number of cases from other jurisdictions in which the courts have squarely addressed the issue. The overwhelming majority of these courts have concluded that a clause worded in the manner of the one at issue here excludes liability coverage for damages to a vehicle driven by the insured with the owner’s permission. Nationwide Mutual Insurance Co. v. Peek, 115 Ga.App. 678, 155 S.E.2d 661 (1967); Herrman v. Folkerts, 202 Kan. 116, 446 P.2d 834 (1968); Middlesex Mutual Fire Insurance Co. v. Ballard, 148 So.2d 865 (La.App.196S); Wyatt v. Wyatt, 239 Minn. 434, 58 N.W.2d 873 (1953); Wyse v. Dixie Fire & Casualty Co., 242 Miss. 508, 136 So.2d 578 (1962); MacDonald v. Hardware Mutual Casualty Co., 105 N.H. 458, 202 A.2d 489 (1964); Security Mutual Casualty Co. v. Johnson, 584 S.W.2d 703 (Tex.1979); Mallory v. Vermont Mutual Fire Insurance Co., 126 Vt. 237, 226 A.2d 901 (1967); Faust v. Dawes, 257 Wis. 353, 43 N.W.2d 365 (1950).
The only reported decision which supports Universal Underwriters’ argument that property in the insured’s charge does not include a motor vehicle is American Casualty Co. v. Aetna Casualty & Surety Co., 251 Md. 677, 248 A.2d 487 (1968), but we find this authority unconvincing. First, the opinion reflects that the insurance company seeking to uphold the exclusion cited no authority for its interpretation in spite of the fact that such a position clearly represented the majority view throughout the country. Furthermore, one of the reasons given by the Maryland court for its ruling was that otherwise “the ridiculous conclusion would be reached that any vehicle owned by the insured would be excluded from coverage under the policy; obviously a result not intended by the parties to the insurance contract.” 251 Md. at 680, 248 A.2d at 490-91. In making this statement, the court missed the point. The only exclusion was one for liability coverage for damages to property which was in the insured’s charge. If as hypothesized by the Mary *185 land court the owner desired to be reimbursed for damages to the vehicle itself, this would have been available through the purchase of collision coverage.
In the final analysis, we find ourselves in accord with the interpretation placed upon this exclusion by the vast majority of courts in other jurisdictions. The provisions are unambiguous, and we find it impossible to characterize a motor vehicle as not being property. The truck was obviously in the charge of John McMullen, so there could be no liability coverage for damages to the truck itself.
We reverse the judgment and remand the case with directions that the court enter judgment for Florida Farm Bureau.
SCHEB, C. J., and CAMPBELL, J., concur.