TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00362-CV







Chris Harrison, Appellant



v.



U.S.A.A. Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 99-08536, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







 This appeal arises from a dispute over coverage under a homeowner's insurance
policy. The trial court rendered a summary judgment in favor of appellee U.S.A.A. Insurance
Company ("USAA") on appellant's causes of action against it. We affirm the trial court's
judgment.


Factual and Procedural Background

 The parties do not dispute the facts in this case. Chris Harrison, a homeowner
insured by USAA, noticed that the caulking at the juncture between her bathtub and the tile above
it had deteriorated. The deterioration allowed water sprayed from the shower head to seep
through the caulking to the surrounding wooden structure, causing it to rot. Harrison replaced
the sheetrock, floor joists, and beams that had rotted, as well as wall tile and flooring in the
bathroom that was supported by rotted wood, and sought coverage from USAA under her
homeowner's insurance policy. Following USAA's denial of coverage, Harrison sued USAA for
breach of contract, breach of the duty of good faith and fair dealing, and violations of the
Insurance Code. USAA filed both a traditional and a no-evidence motion for summary judgment
on Harrison's claims. See Tex. R. Civ. P. 166a(c), (i). The trial court granted summary
judgment without stating its grounds. On appeal, Harrison challenges the summary judgment
rendered on her breach of contract claim. She argues that the district court misinterpreted the
legal effect of two provisions of her homeowner's insurance policy: the ensuing loss provision and
the exclusion repeal provision.


Discussion

 When a trial court's judgment does not specify the ground relied upon for its
ruling, the summary judgment must be affirmed if any of the theories advanced are meritorious. 
State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). Thus, if we affirm on
the traditional motion for summary judgment, we need not address the no-evidence motion. In
this case, neither party contends that the insurance policy is ambiguous, nor do we find any
ambiguity under the undisputed facts. Therefore, the construction of the policy is a question of
law for the court, not a factual issue. See City of Pinehurst v. Spooner Addition Water Co., 432
S.W.2d 515, 518 (Tex. 1968). We review the summary judgment accordingly to determine
whether USAA established that it is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

 An insurance policy is a contract, and it is governed by the same rules of
construction applicable to all contracts. Balandran v. Safeco Ins. Co., 972 S.W.2d 738, 740-41
(Tex. 1998). The court's primary goal is to give effect to the written expression of the parties'
intent. Id. at 741; Spooner, 432 S.W.2d at 518. The court must read all parts of the policy
together, striving to give meaning to every sentence, clause, and word. Balandran, 972 S.W.2d
at 741; Spooner, 432 S.W.2d at 518. All policy terms are given their ordinary and generally
accepted meanings. Security Mut. Cas. Co. v. Johnson, 584 S.W.2d 703, 704 (Tex. 1979).

 In her first issue, Harrison argues that the ensuing loss provision of the policy
provides coverage for her property damage. In its motion for summary judgment, USAA argued
that exclusion 1(f) of Harrison's policy negated coverage for her loss and that the ensuing loss
exception to this exclusion did not reinstate coverage. Harrison maintains that damage due to
wear and tear would generally be excluded, but that because she sustained ensuing loss caused by
water damage, the exception to the exclusion applies.

 Section 1 of Harrison's policy contains the following exclusion:



 We do not cover loss caused by:

 
 wear and tear, deterioration or loss caused by any quality in property that
causes it to damage or destroy itself.

 rust, rot, mold or other fungi.
 



 . . . .


We do cover ensuing loss caused by . . . water damage . . . if the loss would
otherwise be covered under this policy.



 Although courts analyzing sequences of events resulting in loss have inconsistently
identified which event in the series causes a homeowner's loss, we determine that the event
causing Harrison's loss here is the rotting of the wood surrounding her bathtub. Hardware
Dealers Mut. Ins. Co. v. Berglund, 393 S.W.2d 309, 314 (Tex. 1965); see, e.g., Aetna Cas. &
Sur. Co. v. Yates, 344 F.2d 939, 940-41 (5th Cir. 1965); State Farm Lloyds v. Marchetti, 962
S.W.2d 58, 61 (Tex. App.-Houston [1st Dist.] 1997, writ denied); Lambros v. Standard Fire Ins.
Co., 530 S.W.2d 138, 139-40 (Tex. Civ. App.-San Antonio 1975, writ ref'd); see also Larry L.
Gollaher, The 1960 Texas Standard Homeowners Policy, 24 Sw. L.J. 636, 650 (1970). But see
Employers Cas. Co. v. Holm, 393 S.W.2d 363, 366-67 (Tex. Civ. App.-Houston 1965, no writ)
(considering initial event in series to be cause of loss). Exclusion (f) of Harrison's policy
explicitly removes from coverage loss caused by rot. Thus, unless an exception to this exclusion
applies, the policy does not cover her loss.

 Harrison's argument that the ensuing loss clause provides coverage for her loss
reverses the causation required by that exception. To qualify for the exception, ensuing water
damage must follow from one of the types of damage enumerated in exclusion (f). Lambros, 530
S.W.2d at 141-42. In other words, the ensuing loss provision covers water damage that results
from, rather than causes, rotting. Id. Assuming that the leaking of water into the wood
constitutes water damage, the leaking preceded, rather than followed, Harrison's excluded loss. 
The ensuing loss provision therefore does not extend coverage to Harrison's loss. We overrule
issue one.

 In her second issue, Harrison argues that the exclusion repeal provision overrides
exclusion (f). The exclusion repeal provision states:


Accidental Discharge, Leakage or Overflow of Water or Steam from within a
plumbing, heating or air conditioning system or household appliance.


A loss resulting from this peril includes the cost of tearing out and replacing any
part of the building necessary to repair or replace the system or appliance. But this
does not include loss to the system or appliance from which the water or steam
escaped.


Exclusions 1.a through 1.h under Section 1 Exclusions do not apply to loss caused
by this peril.


 USAA argued in its summary judgment motion that water leaking through
deteriorated caulking around the bathtub does not constitute the accidental discharge of water from
within a plumbing system. USAA contends that caulking is not a part of the "plumbing system";
thus the discharge here is not covered by the exclusion repeal provision. We agree.

 The term "plumbing system" is not defined within Harrison's homeowner's policy,
so we must give the phrase its ordinary and generally accepted meaning. See Security Mut. Cas.
Co., 584 S.W.2d at 704. Plumbing serves the essential purpose of supplying and recirculating
water and sewage in and about a building. See Plumbing License Law, Tex. Rev. Civ. Stat. Ann.
art. 6243-101, § 2(1)(A) (West Supp. 2001). Typically, a building's plumbing system is
considered to be the built-in network of pipes, fixtures, appurtenances and appliances used for that
purpose. See id.; see also Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 647 (Tex. 1996)
(describing a plumbing system as consisting of pipes, insert fittings, and crimp rings). Almost
exclusively, when Texas courts consider plumbing claims under clauses similar to the instant
exclusion repeal provision, these claims involve water escaping from pipes located within the
unseen internal structure of a home. See, e.g., Balandran, 972 S.W.2d at 739 (underground
plumbing leak); State Farm Lloyds v. Nicolau, 951 S.W.2d 444, 447 (Tex. 1997) (leak in
drainline system under the foundation); Marchetti, 962 S.W.2d at 58 (discharge from underground
sewage lines). While we do not determine the exact limit of the plumbing system, it cannot be
so broad as to include caulking.

 Our conclusion is reinforced by the requirement that the discharge of water come
from "within" the plumbing system. After water is released from the shower head, the water that
penetrates the caulking cannot be said to have been accidentally discharged from within the water
distribution network. The discharge of water from within the plumbing system more logically
occurs when the water leaves the shower head than when it seeps between the bathtub and the wall
tile. We conclude that USAA established as a matter of law that the leaking of water through the
caulking was not an accidental discharge of water from within the plumbing system. We
accordingly overrule issue two.


Conclusion Because USAA established as a matter of law that Harrison's loss is excluded under
the policy and that the exclusion repeal provision does not apply, we affirm the trial court's
summary judgment.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: April 19, 2001

Do Not Publish



1-42. In other words, the ensuing loss provision covers water damage that results
from, rather than causes, rotting. Id. Assuming that the leaking of water into the wood
constitutes water damage, the leaking preceded, rather than followed, Harrison's excluded loss. 
The ensuing loss provision therefore does not extend coverage to Harrison's loss. We overrule
issue one.

 In her second issue, Harrison argues that the exclusion repeal provision overrides
exclusion (f). The exclusion repeal provision states:


Accidental Discharge, Leakage or Overflow of Water or Steam from within a
plumbing, heating or air conditioning system or household appliance.


A loss resulting from this peril includes the cost of tearing out and replacing any
part of the building necessary to repair or replace the system or appliance. But this
does not include loss to the system or appliance from which the water or steam
escaped.


Exclusions 1.a through 1.h under Section 1 Exclusions do not apply to loss caused
by this peril.


 USAA argued in its summary judgment motion that water leaking through
deteriorated caulking around the bathtub does not constitute the accidental discharge of water from
within a plumbing system. USAA contends that caulking is not a part of the "plumbing system";
thus the discharge here is not covered by the exclusion repeal provisio