GILLESPIE, Presiding Justice.
K.L.M. Distributing Co., Inc. (hereinafter called K.L.M.) sued Washington General Insurance Corporation (hereinafter called Washington General) in the County Court of Hinds County to recover the value of a truckload of frying chickens which burned during shipment. Washington General denied liability, contending that its policy issued to K.L.M. was “excess” insurance over and above another policy issued by another company. When both sides rested the court sustained a motion by Washington General for a peremptory instruction and final judgment was entered dismissing the suit. K.L.M. appealed to the circuit court where the judgment of the county court was affirmed. K.L.M. then appealed to this Court.
K.L.M. is a truck brokerage company and its principal business is to act as a go-between for shipping firms and trucking companies. It arranges for transportation of refrigerated commodities exempt from Interstate Commerce Commission authority. K.L.M. does not own any trucks but leases two, neither of which were involved in this case.
Washington General issued to K.L.M. a policy of insurance entitled “Motor Truck Cargo” (liability form) policy, which insured the liability of K.L.M. for loss or damage caused by “(a) FIRE * * *” and other casualties. The policy limited liability to $8,000 for a casualty in or on anyone truck or trailer. Paragraph 12 of “Conditions” provides as follows:
12. Other Insurance. It is understood and agreed that any insurance granted herein shall not cover, when there is any other insurance covering the liability of this assured whether prior to or subsequent thereto and by whomsoever effected which would attach if this policy had not been issued. It is, however, understood and agreed that if under the terms of such other insurance (in the absence of this policy) the liability would be for a less amount than would have been recoverable under this policy (in the absence of such other policy) then this policy attaches on the difference.
A typewritten rider attached to the policy provides as follows:
It is understood and agreed that this policy is excess over any policy held by a non-owned or non-leased operator carrying a brokered load of merchandise for the Assured; it is further agreed that receipts for brokered loads of merchandise will be reported' exactly the same as otherwise provided under this policy.
Washington General’s policy provided that it had the exclusive right (but it had no duty) to settle or defend any claim made against K.L.M. to recover a loss to which the policy applied.
While this policy was in force, K.L.M. accepted for shipment a load of frying chickens from its customer, B. C. Rogers & Sons, Morton,-Mississippi, destined for Jersey City, New Jersey. The value of the cargo was $9,046 which was within the limits of the policy of The Home Insurance Company, hereinafter to be mentioned. K.L.M. arranged for Miles Trucking Service to haul the load of chickens from a storage plant in Jackson, Mississippi, to New Jersey. As the truck passed through *712 North Carolina, it and the entire cargo burned. The record is silent of any facts or circumstances except that the chickens burned. B. C. Rogers & Sons made claim against K.L.M. for the value of the cargo and K.L.M. paid the value of the cargo to B. C. Rogers & Sons. Washington General did not elect to settle or defend the claim of B. C. Rogers & Sons, but denied liability under the “excess” clause.
Prior to the time of the loss of the cargo of chickens, The Home Insurance Company, New York, New York, issued to Miles Trucking Service a policy designated as “Truckmen’s and Motor Carrier’s Policy.” The policy insured the “legal liability of the named insured as a carrier of lawful goods and merchandise by motor vehicles” directly caused by “(a) Fire * * *” and other casualties. Other pertinent provisions of this policy are as follows:
4. Other Insurance. If at the time of loss or damage there is available to a named or unnamed insured or any other interested party any other valid and collectible insurance which would apply in the absence of this policy, the insurance under this policy shall apply only as excess insurance over such other insurance.
******
9. No Benefit to Bailee: This insurance shall in no wise inure directly or indirectly to the benefit of any carrier or other bailee.
* * * * *
X. Loss or damage, if any, under this policy shall be payable to the Insured and owner of the property shipped.
******
XIII. Notwithstanding anything contained in this policy to the contrary, it is especially understood and agreed that this insurance shall be considered as primary insurance and that this Company shall not have the right to claim the benefit of ?my other insurance by whomsoever affected, covering the property insured hereunder.
K.L.M. argues that the “excess” clause in Washington General’s policy does not relieve the insurer of liability for the reason that K.L.M. was not an insured under the policy issued Miles Trucking Service by The Home Insurance Company and therefore K.L.M. could not recover on The Home Insurance Company policy; that as far as K.L.M. is concerned there was no “primary” coverage and therefore the “excess” clause in the Washington General policy does not apply to the loss. Washington General argues that it is not liable because under the terms of the “excess” clause in its policy, The Home Insurance Company’s policy, insuring Miles Trucking Service, was the “Primary” coverage and Washington General’s policy would only apply to a cargo being carried by a truck not owned by K.L.M., if such non-owned or non-leased vehicle either had no coverage, or had inadequate coverage in which case Washington General’s policy would be “excess” over the other policy.
The answer of Washington General affirmatively alleged that its policy “is excess insurance over and above the primary coverage afforded by the carrier of the said Miles Trucking Company.” It was not alleged or proven that the liability of K.L.M. for the loss or damage resulting from the burning of the cargo was covered by a policy other than that of Washington General.
There are three general types of “other insurance” clauses. Most provide that in the event of “other valid and collectible insurance” the particular company’s policy either (a) will assume a prorata share of the loss, or (b) will be noneffective, or (c) will be excess insurance over the other policy’s coverage.[1] Most of the litigation concerned with “other insurance” clauses involved automobile liability policies. Various courts have developed a contrariety of *713 tests for determining which policy is “primary” and which “secondary.” Cosmopolitan Mutual Insurance Co. v. Continental Casualty Co., 28 N.J. 554, 147 A.2d 529, 69 A.L.R.2d 1115 (1959).
Washington General’s agent knew the nature of K.L.M.’s business was that of a broker handling loads of merchandise for its customers by arranging to have the loads shipped by others, such as Miles Trucking Service. In addition to this knowledge, it wrote into the “excess” clause, upon which it relies to avoid liability, a provision that such brokered loads should be reported (for premium purposes) the same as loads of merchandise carried in leased trucks operated by K.L.M.
The parties do not cite a case in point. Our examination of a large number of cases from other jurisdictions involving “other insurance” clauses fails to reveal a case directly in point.
There is no indication that the parties intended that the “excess” clause should relieve Washington General from liability because of the mere existence of a policy held by a non-owned or non-leased operator carrying a brokered load for K.L.M. We are of the opinion that the “excess” rider had reference to other insurance insuring the liability of K.L.M. In order for The Home Insurance Company’s policy to constitute “other insurance” within the meaning of Washington General’s “excess” clause, The Home Insurance Company’s policy must insure K.L.M. against liability for the fire loss in question, and the protection of the policy must be available to and enforceable by K.L.M. The “excess” clause in Washington General’s policy necessarily implies that the “other insurance” policy that would limit Washington General’s liability must be “primary” insurance affording K.L.M. protection from liability for the loss in question. The “excess” clause in Washington General’s policy should not be interpreted in a vacuum, but in the context of the whole policy and the purposes for which it was issued and the premium paid thereon. The policy issued by The Home Insurance Company to Miles Trucking Service did not insure K.L.M. either as a named or unnamed insured, and it was not relevant to the “excess” clause relied upon by Washington General. Absent appropriate words indicating a contrary intention, the “excess” clause in Washington General’s policy should not be given a construction that results in K.L.M. having no coverage against liability for the loss involved. To do so would defeat the purpose the policy purported to serve.
T.he judgment of the circuit court affirming the county court’s judgment in favor of Washington General is reversed and judgment is entered here in favor of K.L.M for $8,000, the limit of liability provided in the policy, plus interest from February 14, 1967.
Reversed and rendered.
RODGERS, JONES, BRADY and SMITH, JJ., concur.

. For discussion of these types of clauses in general see Watson, The Other Insurance Dilemma, 518 Ins. L.J. 151 (1966).