**INDEMNITY MARINE ASSURANCE CO., Ltd., Appellant,**

v.

**The CITIZENS NATIONAL BANK OF CAMERON, Texas and Ned Fachorn, Appellees.**

No. 4981.

Court of Civil Appeals of Texas, Waco.

Feb. 4, 1971.

Rehearing Dismissed Feb. 25, 1971.

Brown & Teed, Thomas A. Brown, Houston, for appellant.

M. M. Ottea, Jr., Hearne, Humble & Magre, Ed P. Magre, Cameron, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from $9,500. Judgment for plaintiff's bank and Fachorn, in a suit on a fire insurance policy, insuring a cotton picker, owned by plaintiff Fachorn, on which plaintiff bank had a lien.

Plaintiff Fachorn sued defendant alleging it insured his cotton picker "against all risks of direct physical loss or damage"; that the picker was destroyed by fire during the term of the policy; and that defendant refused to pay. Plaintiff bank alleged it had a lien on the picker, and was loss payee under the policy to the extent of its interest.

Defendant answered asserting the cotton picker burned at a location more than 50 miles from the premises described in the policy, and that such loss was excluded under the terms of the policy.

Trial before the court without a jury, resulted in judgment for plaintiffs for $9,500.

Defendant appeals on 2 points asserting "the geographical limitation clause in the policy, when considered in the light of all parts of the contract, shows the policy only covered Fachorn's cotton picker when the machine was located within 50 miles of Hearne, Texas * * * The courts failure to give effect to the geographical limitation clause was error."

The trial court filed Findings and Conclusions summarized as follows:

## FINDINGS OF FACT

1. Defendant issued plaintiffs a fire insurance policy covering a cotton picker belonging to plaintiff Fachorn.

2. The picker was destroyed by fire while the policy was in force. The loss was $9,500.

3. When destroyed the picker was near Menard, Texas, a point more than 50 miles from Hearne, Texas.

## CONCLUSIONS OF LAW

1. Since the portion of the policy designed to fix geographical limitation or coverage did not specify the place where the insured property was to be located, the limitation as to location was ineffective, and did not form a part of the contract. The insured's mailing address, shown in the first part of the policy does not supply the omitted information as to the location of the property, and should not be so construed.

2. Plaintiffs are entitled to recover the amount of the loss as set out in the judgment.

Pertinent portions of the policy are:

"The Indemnity Marine Assurance Company, Ltd. Policy No. 0–5 118459 * *

"Insured's Name and Address * * *

"Ned Fachorn

RFD #1

Hearne, Texas

* * * * * *

"1. Property Covered

"This policy covers the following property of the insured while at the premises hereinafter described or within 50 miles thereof:

(6 lines are left blank at this point)

"Amount of Insurance * * Premium
$12,000.00            $163.20

"Type and Description

"One 1963 International 2 row Cotton Picker

* * * * * *

"3. Perils Covered

**292**

"This policy insures against all risks of direct physical loss or of damage to the property covered from any external cause except as otherwise provided.

"4. Property and Perils Excluded..

"This policy does not insure: (a) any property when such property is more than 50 miles from the premises described in the policy; * * *"

As noted the blank space provided following "1. * * This policy covers * * property * * * while at the premises *hereinafter* described or within 50 miles thereof:" was not filled in.

Defendants' chief underwriter testified the reason the blank was not filled in was: "in the interest of getting the policies out if the address of the insured shown on the face of the policy is the same as where the equipment is used this space is left blank."

Defendant asserts the exclusion, "This policy does not insure any property when such property is more than 50 miles from the premises described in this policy", relates to insured's address at the first of the policy.

We think as did the trial court that such exclusion relates to "1. Property Covered. This policy covers * * property * * while at the premises *hereinafter* described or within 50 miles thereof:" (followed by a blank space which defendant did not fill in).

 The failure of defendant to take advantage of the portion of the policy wherein the location from which the 50 mile limitation was to extend, constitutes a waiver by defendant to such geographical limitation clause.

The policy clearly expresses no limitation of coverage. There is a place in the policy where a limitation could have been placed, but it was left blank.

The policy must be construed in favor of coverage, for to construe it otherwise would require a judicial rewriting of the policy by adding words to same which are not therein. The policy was prepared by defendant and it was its choice not to insert the limitation.

 Policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. United Service Automobile Assn. v. Miles, 139 Tex. 138, 161 S.W.2d 1048. Exceptions and words of limitation will be strictly construed against the insurer; and courts will not write a limitation into a policy where none exists. Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379, 381.

The conclusions and judgment of the trial court are correct. Defendants' points are overruled.

Affirmed.