William A. FANNON, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

No. 5684.

Court of Civil Appeals of Texas, Waco.

Feb. 24, 1977.

Rehearing Denied March 24, 1977.

Frederick H. Shiver, Baker & Foreman, Dallas, for appellant.

Stephen S. Livingston, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

Plaintiff Fannon brought this suit to recover from defendant Travelers Insurance Company on a group health insurance policy for medical expenses incurred as a result of a heart attack.

Travelers denied coverage based upon a limitation contained in the policy.

All facts are stipulated. The policy was issued to plaintiff's employer for its employees which included plaintiff. All premiums were paid, and the policy was in full force and effect. Plaintiff became 65 years old on May 31, 1970. From and after his 65th birthday he was a "Person Eligible Under Medicare" as that term is defined in the policy. In 1971 plaintiff suffered a heart attack which gave rise to medical expenses for which the policy provides benefits.

The benefits plaintiff claims he was entitled to receive under the policy were benefits which would have been received from Medicare, if he had enrolled in Medicare, but plaintiff did not enroll in the voluntary

portion of Medicare and therefore said benefits were not received from Medicare.

If plaintiff is entitled to the benefits he seeks he is due $3,642.66 under the policy excluding penalty, interest and attorney's fees. If plaintiff is not entitled to the benefits he seeks, he is due $149. under the policy, excluding penalty, interest and attorney's fees.

The trial court rendered judgment for plaintiff for $149., thus holding the limitation contained in the policy precluded plaintiff's claim for the $3,642.66.

Plaintiff appeals contending the trial court erred:

1) In concluding the policy not ambiguous.

2) In concluding plaintiff not entitled to the benefits sued for.

3) In concluding plaintiff not entitled to statutory penalty and attorney's fees under Article 3.62 of the Insurance Code.

It is stipulated plaintiff is a person "Eligible Under Medicare", had medical expenses, and unless precluded by the policy limitation, is entitled to $3,642.66 under the policy.

■ Policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. Exceptions and words of limitation will be strictly construed against the insurer. And whenever a controverted policy provision can be given two reasonable meanings, the court must choose that interpretation which will favor the insured's recovery. *Continental Cas. Co. v. Warren,* 152 Tex. 164, 254 S.W.2d 762; *United Service Automobile Ass'n v. Miles,* 139 Tex. 138, 161 S.W.2d 1048; *Providence Washington Ins. Co. v. Proffitt,* 150 Tex. 207, 239 S.W.2d 379; *Indemnity Marine Assurance Co. v. The Citizens National Bank of Cameron,* Tex.Civ. App. (Waco) NRE, 463 S.W.2d 290.

Article I, Section 6 of the policy defines "Person Eligible Under Medicare" as an "Employee * * * who is enrolled under the voluntary portion of Medicare or has been eligible to enroll under such voluntary portion."

Article VI Eligibility For Benefits, Section 4(f) provides: "In no event will Employee Benefits be payable—for any confinement, treatment, services or supplies furnished an Employee who is a Person Eligible Under Medicare *if benefits are provided,*[1] for such confinement, treatment, services or supplies under Medicare, except that Employee Benefits will be payable in accordance with Paragraphs 2 and 3 above, but only to the extent necessary so that the sum of the benefits payable hereunder and under Medicare shall equal the benefits which would have been payable hereunder if this subparagraph were not applicable."

Thus succinctly stated Article I Section 6 defines: "Person Eligible Under Medicare" as an employee who is 1) enrolled under Medicare, or 2) has been eligible to enroll under Medicare. (And it is stipulated plaintiff is a "Person Eligible Under Medicare").

And Article VI Section 4(f) thus provides: In no event will benefits be payable for medical expense furnished an employee who is eligible under Medicare *if benefits are provided*[1] for such medical expense "under Medicare".

Travelers asserts Section 4(f) is clear that the policy does not provide benefits which an employee could have received from Medicare if he had been enrolled under Medicare.

Plaintiff asserts Section 4(f) ambiguous, and could reasonably mean that benefits will not be paid if benefits are actually provided the employee by Medicare.

■ We think the policy provision ambiguous, and that under the cases cited, must be resolved in favor of the insured. Moreover, Travelers itself must have regarded Article VI Section 4(f) ambiguous because subsequent to the policy contract it published an explanatory pamphlet purporting to interpret Section 4(f) as it contends for here. (The stipulations reflect such pamph-

1. Emphasis added.

let was not a part of the policy contract, was not distributed to all qualifying employees, but was distributed upon specific request, and that plaintiff never requested a copy of the pamphlet).

All plaintiff's points are sustained.

The judgment is reversed and remanded with instruction to render judgment for plaintiff for $3,642.66 plus statutory penalty, and if plaintiff tenders evidence of attorney's fees, for reasonable attorney's fees.

REVERSED AND REMANDED.