Irene CHILES, Appellant,

v.

AETNA CASUALTY AND SURETY
COMPANY, Appellee.

No. 8683.

Court of Civil Appeals of Texas,
Texarkana.

Aug. 21, 1979.

Wayne R. Shahan, Yarborough, Hinds, Shahan & Snyder, Dallas, for appellant.

Robert M. Greenberg, Dallas, for appellee.

HUTCHINSON, Justice.

This is a suit on an insurance policy providing coverage up to $5,000.00 for fire losses to unscheduled personal property. Appellee, Aetna Casualty and Surety Company, issued to appellant, Irene Chiles, its Texas Standard Homeowners Policy with its Homeowners Broad Form-Tenant attachment insuring appellant's unscheduled personal property for loss by fire for a term of three years. At the time of the issuance of the policy appellant resided in a rented home located at 2135 Denton Drive, Carrollton, Texas, and this was shown as her address on the policy. At the time of the loss giving rise to this suit appellant was residing at 1420 West 3rd Street, Carrollton, Texas, and the claimed loss occurred at that address. Pertinent portions of the policy are:

| "Named Insured and Address (Number, Street, Town, County, State, Zip)<br><br>Irene Chiles<br>2135 Denton Drive<br>Carrollton, Texas  75006 | • • • |
|---|---|

| Described Dwelling: | | | |
|---|---|---|---|
| Frame | Comp | | |
| Construction | Roof | Lot Block | Addition |

Page 1"

_____

"HOMEOWNERS BROAD
FORM–TENANT

".   .   .   Unless otherwise provided, this insurance shall apply only at the premises designated on Page 1, as the *Described Dwelling* .   .   . (Emphasis added).

"OFF PREMISES COVERAGE—Subject to the provisions and conditions of this policy and the exclusions and limitations therein, Coverage B also covers, *as additional insurance*, unscheduled personal property (except property usually rented to others) owned, worn or used by the insured, including members of his family of the same household, anywhere in the world.

Such Off Premises Coverage, however, shall be limited to $1,000 or 10% of the Limit of Liability applicable to Coverage B, whichever is greater.   .   .   ." (Emphasis added).

Following the fire loss, appellee denied liability under the policy except for $1,000.00, the amount of the off-premises coverage.

Trial was to a jury and appellant's loss was found to be in the sum of $4,591.00. The trial court, however, upon appellee's motion, entered judgment for appellant for $1,000.00 with interest at the rate of 9%.

Appellant here by three points of error contends that the off-premises limitation provision of the policy was inapplicable because policy spaces for the insertion of the "Lot Block" and "Addition" of the Described Dwelling were left blank by the appellee and that by doing so appellee waived any right it might have to limit appellant's loss to the off-premises coverage.

In considering this appeal we are mindful of the fact that appellee drafted, supplied the language and filled in or omitted filling in the spaces of the policy sued upon. The failure to complete the section designated as *Described Dwelling* cannot be charged against appellant and might well have been considered by her as a waiver of the premises restriction set forth in other portions of the policy. The policy here sued upon was for a period of three years. It was foreseeable that the insured tenant was likely to move the insured personal property to another residence before the expiration of the policy period. In addition to filling in the "Lot Block" and "Addition" sections of the policy, appellee could have easily included in the policy language restricting coverage to a definite location and terminating coverage in the event of the "moving", "change of residence" or "change of domicile" of the policy holder. Appellee's policy did not so do. Too, appellant, a lay person, could easily have interpreted the off-premises coverage provisions "as additional insurance" on items of her personal property taken on a trip, left at a repair shop, at a cleaners or in transit from one place to another and not as a limitation of her coverage in a different but like residence.

We therefore find and hold that the policy as written is ambiguous and that such ambiguity or doubt as to its meaning must be construed strictly against the appellee and in favor of appellant. The language of the policy will support an interpretation which imposes liability on the appellee and such interpretation should be adopted. *United Service Automobile Ass'n v. Miles*, 139 Tex. 138, 161 S.W.2d 1048 (1942); *Providence Washington Ins. Co. v. Proffitt*, 150 Tex. 207, 239 S.W.2d 379 (1951); *Indemnity Marine Assurance Co. v. Citizens National Bank*, 463 S.W.2d 290 (Tex.Civ.App. Waco 1971, no writ); *Freeman v. Crown Life Ins. Co.*, 580 S.W.2d 897 (Tex.Civ.App. Texarkana 1979, writ filed).

The judgment of the trial court is reversed and here rendered for appellant in the sum of $4,591.00 with interest thereon from March 21, 1974, to April 11, 1978, at

the rate of six percent (6%) per annum and thereafter at the rate of nine percent (9%) per annum until paid.

Reversed and rendered.